69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SCM CHEMICALS, INC., Plaintiff-Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 94-3684.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1995.
 
 Before: NELSON, RYAN, and McKAY,* Circuit Judges.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 Invoking federal diversity jurisdiction, plaintiff SCM Chemicals, Inc., a wholly owned subsidiary of a corporation known as HSCM, Inc., sued defendant Nationwide Mutual Insurance Company to recover amounts expended in settling two personal injury claims asserted by employees of an SCM Chemicals contractor. The contractor was insured under a liability policy issued by Nationwide.
 
 
 2
 At the request of an entity known as SCM Corporation, which was the predecessor in interest of HSCM, the contractor had procured the issuance of an endorsement naming SCM Corp. as an additional insured. The plaintiff subsidiary, SCM Chemicals, is attempting to claim the benefit of endorsements in subsequent renewal policies that likewise named SCM Corp. as an additional insured.
 
 
 3
 On cross-motions for summary judgment, the district court entered judgment in favor of Nationwide. There being no evidence that anyone had ever asked to have the plaintiff subsidiary named as an additional insured under the Nationwide policy, the court reasoned that the policy did not insure the subsidiary.
 
 
 4
 The plaintiff does not contend on appeal that there is any issue of material fact here. The plaintiff argues, however, that the district court erred as a matter of law in (1) failing to recognize the rights of the parent corporation, (2) failing properly to resolve a latent ambiguity in the renewal policies, (3) failing to reform the renewal policies to name "SCM Chemicals, Inc.," as an additional insured on the theory that there was a mutual mistake; and (4) failing to treat the naming of "SCM Corp." as a unilateral mistake necessitating reformation. We find none of these arguments persuasive, and we shall affirm the judgment entered by the district court.
 
 
 5
 * In 1983 SCM Corporation purchased from a Gulf & Western affiliate a titanium dioxide plant located at 2426 Middle Road in Ashtabula, Ohio. SCM Corporation operated the Middle Road plant until September of 1985 through an unincorporated division known as the "Pigments Division."
 
 
 6
 The Pigments Division became a separate corporation on September 5, 1985. The new entity, now known as SCM Chemicals, Inc., was wholly owned by SCM Corporation.
 
 
 7
 SCM Corporation, like Gulf & Western before it, obtained industrial maintenance services under a contract with Nationwide's insured, P.S. Maintenance, Inc. Gulf & Western had been named as an additional insured under the P.S. Maintenance policy, and following the sale of the plant to SCM Corporation, P.S. Maintenance was required to have SCM Corporation named as an additional insured. On July 25, 1986, a purchasing agent at the Middle Road plant wrote P.S. Maintenance a letter reading as follows:
 
 
 8
 "We are requesting a current copy of your Liability Insurance containing the new requirement that you have SCM Corporation as an additional insured. Please send as soon as possible."
 
 
 9
 This letter was written more than ten months after the Pigments Division had become a corporate subsidiary of SCM Corporation.
 
 
 10
 P.S. Maintenance did as it was asked to do, arranging through a Nationwide agent for the issuance of an endorsement designating as an additional insured the following "Person or Organization:"
 
 
 11
 "SCM Corp.
 
 2426 Middle Road
 PO Box 160
 
 12
 Ashtabula, OH 44004."
 
 
 13
 Renewal policies were subsequently issued with the same endorsement, Nationwide not having been asked to make any further changes. Nationwide also issued third-party certificates of insurance evidencing coverage for SCM Corp.
 
 
 14
 In October of 1986--unbeknownst to Nationwide, as far as the record discloses--SCM Corporation was merged into a corporate entity known as HSCM, Inc. The merger resulted in HSCM (an affiliate of the British conglomerate Hanson PLC) becoming the successor of SCM Corporation and the parent of SCM Chemicals, Inc. By operation of law, the separate existence of SCM Corporation ceased at the time of the merger. See Ohio Rev.Code Sec. 1701.82(A)(1).
 
 
 15
 In September of 1988 a P.S. Maintenance employee named Scott Penny was injured while working at the Middle Road plant. Another P.S. Maintenance employee, Dane Cook, was injured while working at the plant in February of 1990. Both men brought personal injury actions in the Court of Common Pleas of Ashtabula County, Ohio. Mr. Penny named as the sole defendant "SCM Chemicals," and Mr. Cook named as the sole defendant "SCM-Plant 2."
 
 
 16
 SCM Chemicals notified Nationwide and P.S. Maintenance of the suits and demanded that Nationwide provide a defense. Nationwide declined to do so. SCM Chemicals eventually settled the personal injury actions for a total of $139,000, and then brought the present lawsuit against Nationwide to recover the amounts expended in settlement plus approximately $20,000 in defense costs. When the district court dismissed the suit on Nationwide's motion for summary judgment, SCM Chemicals perfected a timely appeal.
 
 II
 
 17
 * Citing the unreported decision in Strip v. Buckeye Union Ins. Co., Case No. 73AP-56 on the docket of the Franklin County, Ohio, Court of Appeals (6/26/73), SCM Chemicals argues that the district court erred in failing to recognize that the benefits of coverage under the Nationwide policy inured to HSCM, Inc., as SCM Corporation's successor. The argument has no merit.
 
 
 18
 Strip, which involved a policy of property and casualty insurance on which a parent corporation was the named insured, supports the proposition that during 1985-86 SCM Corporation had an insurable interest in the Middle Road plant through its ownership of the stock of SCM Chemicals. Nationwide does not deny the validity of this proposition.
 
 
 19
 Neither does Nationwide deny that HSCM is the successor in interest of SCM Corporation. And as SCM Corporation's successor, HSCM was clearly an additional insured under the Nationwide policy. Nationwide does not contend otherwise.
 
 
 20
 Under the insuring agreement contained in Section 1, Coverage A1 of the commercial general liability portion of the Nationwide policy, Nationwide had an obligation to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' ... to which this insurance applies." The endorsement under which SCM Corporation obtained coverage told SCM Corporation that it was an insured, "but only with respect to liability arising out of your operations or premises owned by or rented to you." If HSCM became legally obligated to pay anything as damages because of the bodily injuries sustained by Messrs Penny and Cook, therefore, and if such liability arose out of HSCM's operations, Nationwide would be bound to exonerate HSCM, as SCM Corporation's successor in interest, assuming that none of the policy exclusions applied to the claim.
 
 
 21
 HSCM is not a party to this lawsuit, of course, and as far as we know it has never asserted that it had any legal obligation, actual or potential, to pay damages because of the personal injuries sustained by Penny and Cook. The basis for any such legal obligation is not readily apparent, but whether HSCM could be held liable for the torts of SCM Chemicals is an issue that is not before us and was not before the district court. It will be time enough to consider this and other issues related to HSCM's rights under the policy when, as, and if HSCM brings suit. The district court did not err in refraining from deciding a lawsuit never filed.
 
 B
 
 22
 Contending that there was a "latent ambiguity" in the renewal policies that named SCM Corporation as an additional insured after its separate existence had ceased to exist by reason of the HSCM merger, SCM Chemicals suggests that the ambiguity should have been "reconciled" in favor of SCM Chemicals. We reject the suggestion. HSCM continued to exist after the merger, and HSCM, not SCM Chemicals, was the additional insured under the renewal policies.
 
 C
 
 23
 Finally, it is suggested that there was either a mutual mistake or a unilateral mistake on the basis of which the district court ought to have reformed the policy to name SCM Chemicals as an additional insured. We reject this suggestion as well.
 
 
 24
 It is undisputed that on July 25, 1986, a purchasing agent at the Middle Road plant directed P.S. Maintenance to have "SCM Corporation" named as an additional insured on the Nationwide policy. SCM Chemicals had been in existence for the better part of a year at that point, and there is no indication in the record that the purchasing agent was unaware of that fact. He nonetheless specified SCM Corporation as the entity to be named as the additional insured. There is no evidence that when he asked for SCM Corporation to be named his actual intention was that SCM Chemicals be named instead.
 
 
 25
 P.S. Maintenance did exactly as it was directed to do, and so did Nationwide. An endorsement was issued making SCM Corp. an additional insured. Certificates of insurance naming SCM Corp. as an insured were subsequently sent to the Middle Road plant, moreover, and neither SCM Chemicals nor HSCM took exception to the certificates.
 
 
 26
 It is true that Dino Mauri, an officer of P.S. Maintenance, testified at his deposition that the Nationwide policy was intended to cover SCM Chemicals. But Mr. Mauri also testified that P.S. Maintenance had been doing business with SCM Chemicals since 1982--three years before SCM Corporation caused SCM Chemicals to be incorporated--and the deposition as a whole makes it clear that Mr. Mauri was not differentiating between SCM Corporation and SCM Chemicals. Indeed, the name of SCM Corporation was not mentioned in the deposition at all.
 
 
 27
 Under Ohio law, reformation of a contract to correct a mutual mistake--a "mistake of all parties to the contract"--will be granted "only when the mutual mistake is shown by clear and convincing evidence." Wagner v. National Fire Ins. Co., 132 Ohio St. 405, 412-13, 8 N.E.2d 144, 148 (1937). See also Kungle v. Equitable General Ins. Co., 27 Ohio App.3rd 203, 206, 500 N.E.2d 343, 347 (Summit 1985). No such evidence has been presented here. The purchasing agent at the Middle Road plant chose to specify SCM Corporation as the additional insured, and Nationwide would presumably have had to provide a defense if SCM Corporation or its successor had been sued. We have no reason to suppose that under those circumstances Nationwide could escape its obligation to SCM Corporation or HSCM by contending that SCM Chemicals was intended to be the additional insured--and if reformation would not be available at the instance of one contracting party, it should not be available at the instance of any other contracting party.
 
 
 28
 The facts in Gillis v. Sun Insurance Office, Ltd., 238 Cal.App.2d 408, 47 Cal.Rptr. 868 (1965), a decision on which SCM Chemicals relies heavily, are distinguishable in several respects from the facts presented here. There the named insured was not in existence when the policy was written, and here both SCM Corporation and SCM Chemicals were in existence when the purchasing agent requested--and Nationwide issued--an endorsement naming SCM Corporation as an additional insured. SCM Corporation was not in existence when the renewal policies were issued, to be sure, but its successor was. The successor corporation would have been entitled to coverage, if the conditions of the policy were met, just as the successor of the named insured in Gillis was. SCM Chemicals, however, is not SCM Corporation's successor; HSCM is.
 
 
 29
 As to the contention that reformation should be granted here on the basis of a unilateral mistake, finally, the contention fails because SCM Chemicals has failed to show that the insurance contract is not a correct integration of the agreement of the parties. See Snedegar v. Midwestern Indemnity Co., 44 Ohio App.3rd 64, m.c.o., 37 Ohio St.3rd 712 (1988).
 
 
 30
 Our de novo review of the record persuades us that the result reached by the district court was correct, and the judgment is therefore AFFIRMED.
 
 
 
 *
 The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation